Jimmy **JENNINGS**, a/k/a Jimmie Jennings, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. A–15827.

Court of Criminal Appeals of Oklahoma.

Aug. 23, 1972.

H. A. Leatherman, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., James L. Gullett, Asst. Atty. Gen., for appellee.

BUSSEY, Presiding Judge:

Appellant, Jimmy Jennings, a/k/a Jimmie Jennings, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County, Oklahoma, for the offense of Child Abandonment; his punishment was fixed at one (1) year imprisonment in the state penitentiary, and from said judgment and sentence, a timely appeal has been perfected to this Court.

This cause must be reversed because of the oral instructions given to the jury after they returned to the courtroom with the following question: "Would it be possible if we render a verdict of guilty for this man, Jimmy Jennings, to be given a suspended sentence and given a chance to pay reasonable support based on a percentage of his income?" The trial court answered as follows:

"Now, if I'm not correct in it, you people speak up, because, as I say, I don't profess to be an authority on criminal law and don't profess to be one on any kind of law, I just work at it. But, would it be possible for the man to be given a suspended sentence? If you find him guilty, I'll give your recommendation serious consideration and *I can suspend the sentence and would be disposed to do it.*"

The court thereupon orally instructed the jury as to the provisions of 21 O.S. § 855, which provides in part that upon the conviction of a person for child abandonment, the Governor upon recommendation of the trial court may parole a person convicted of said offense and require that he pay child support as a condition of said parole. The court thereupon further instructed the jury as follows:

"I'll tell the jury, this is their instruction now; that it is possible for you to render a verdict of guilty and for him to be sentenced by me; you can fix the amount of punishment as you see fit and then it can be suspended by me if I'm satisfied that there's a chance for this man to provide for these children. As far as I'm concerned—no, I'll not go into that. I'll not say anything about that.

"But, anyhow, you have the right to find him guilty and recommend that the sentence be suspended. And I have the right to suspend the sentence, I have the right whether you recommend it or not. But if you recommend it, that always carries weight with the trial judge, and it's—well, anyhow, I'm not—

"If you find him guilty, he will have to make some provisions for these children, that's all there is to it."

We are of the opinion that the trial court's instruction did in fact influence the jury to find the defendant guilty believing that the court would give the defendant a suspended sentence. The trial court should have instructed the jury that a recommendation of a suspended sentence on the part of the jury was not binding on the court and that the court may or may not consider the same, rather than indicating to the jury that the recommendation of a suspended sentence would most likely be followed.

The judgment and sentence is reversed and remanded.

SIMMS and BRETT, JJ., concur.